

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

**No. PD-1370-07**

**RASHIK ALI TAYLOR, Appellant**

**v.**

**THE STATE OF TEXAS**

**On Discretionary Review of Case 01-05-001183-CR of the**
**First Court of Appeals,**
**Harris County**

*WOMACK, J., filed a concurring opinion, in which KELLER, P.J., and KEASLER and HERVEY, JJ., joined.*

The opinion of the Court has it exactly backward when it says (*ante* at 33–34) that it is natural to presume that patients who are being treated for a physical illness or injury will understand that veracity will serve their best interest, but that patients who are being treated for a mental illness or injury will not.

Let us imagine that two patients are at a clinic. Each is a thirteen-year-old girl. One has been stabbed in the abdomen. The other has the physical signs of frequent vaginal intercourse. Which one has an interest in telling the truth about the identity of the perpetrator? In which case does the course of treatment depend on knowing the identity of the perpetrator? In fact, in which case does the patient even have to be conscious and talking in order to be treated properly?

The Court's analysis is not well founded.

Filed October 29, 2008.
Publish.